## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENOCK NYAMOTI, individually and on behalf of all other persons similarly situated,<br><br>              Plaintiff,<br><br>   -against-<br><br>The Mount Sinai Hospital,<br><br>              Defendant. | CIVIL ACTION # |

Named Plaintiff, ENOCK NYAMOTI on behalf of himself and all other persons similarly situated (collectively the "Plaintiffs"), employees currently or formerly employed by The Mount Sinai Hospital New York ("Defendant") Prose, allege as follows:

### NATURE OF THIS LAWSUIT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) to recover earned but unpaid overtime compensation owed to the Named Plaintiffs and members of the Putative Collective for services performed while employed by Defendant.

2. Plaintiff also brings class action claims under New York state law pursuant to the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, the "NYLL").

3. Beginning in approximately March of 2015 and continuing to the present, Defendant engaged in a policy and practice of failing to pay Plaintiff and others similarly situated overtime at the proper rate for hours worked in excess of forty (40) hours per week, and other employee entitled benefits including retirement contributions and family leave.

4. The Named Plaintiff has initiated this action on behalf of himself and a putative collective

comprised of himself and all persons similarly situated to recover the overtime compensation that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this action, pursuant to the provisions of 28 U.S.C. §§ 1331, 1337, and 1343. because Plaintiff's FLSA claims arise under federal law. *See* 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA, pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant's principal place of business is in this district. This Court has supplemental jurisdiction over Plaintiff's NYLL claims under 28 U.S.C § 1367(a) because they arise out of the same facts as Plaintiff's FLSA claims.

8. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Named Plaintiff ENOCK NYAMOTI is a resident of the State of New York and has been employed by the Mount Sinai Hospital since 03/2015 as a registered nurse anesthetist under supervision.

10. Each similarly situated Plaintiff is an "employee" as contemplated by the FLSA, 29 U.S.C. § 203(e).

11. The Defendant, is a hospital corporation in the Judicial District

## FACTUAL ALLEGATIONS

12. Pursuant to the FLSA, 29 U.S.C. 207, "no employer shall employ any of their employees who in any workweek is longer than forty hours unless such employee receives overtime compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

13. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency.

14. Plaintiffs are presently employed or were previously employed by Defendant

15. Plaintiff and other members of the Putative Collective are "employees," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

16. Defendant is an "employer" within the meaning contemplated in the 29 U.S.C. § 203(d), and consequently are liable for violations of the FLSA.

17. Defendant has engaged in a pattern and practice of failing to ensure that Plaintiffs received payment for all overtime hours worked in any given week, at time and one-half.

18. Named Enock Nyamoti did not receive proper overtime payments at a rate of time and one half his regular rate.

19. Throughout the relevant period, Defendant has undertaken a willful policy and practice of violating the FLSA by failing to pay Plaintiffs overtime at time and one-half their regular rate

20. During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

21. During her employment, Plaintiff was an "employee" of Defendant as defined by the NYLL § 196.1(b).

22. During Plaintiff's employment, Defendant was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

23. During Plaintiff's employment, Defendant was Plaintiff's "employer" as defined by the NYLL in § 2(6).

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

25. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly

situated employees.

26. Plaintiff and the Putative Collective are non-exempt employees eligible to be paid for every hour worked including overtime compensation for those hours worked over forty in a consecutive seven day week.

27. Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA by failing to provide the correct overtime wages at a rate of one and one half times their regular hourly rate of pay, for all time worked in excess of forty (40) hours in any given week pursuant to 29 U.S.C. § 207.

28. Plaintiff brings his NYLL claims as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Upon information and belief, Defendant uniformly applies the same unlawful employment policies, practices, and procedures to all members of the Putative Collective.

30. The questions of law and fact common to the putative collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: whether Defendant failed to pay the Plaintiffs and members of the putative collective their earned overtime wages, at the full rate of one and one half the times the regular rate of pay.

31. The claims of Plaintiff are typical of the claims of the Putative Collective.

32. Plaintiff will fairly and adequately protect the interests of the putative class.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

33. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

34. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees.

35. Plaintiff and the Putative Collective are non-exempt employees eligible to be paid for every hour worked including overtime compensation for those hours worked over forty in a consecutive seven day week.

36. Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA by failing to provide the correct overtime wages at a rate of one and one half times their regular hourly rate for all time worked in excess of forty (40) hours in any given week pursuant to 29 U.S.C. § 207.

37. Upon information and belief, Defendant uniformly applies the same unlawful employment policies, practices, and procedures to all members of the Putative Collective.

38. The questions of law and fact common to the putative collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: whether Defendant failed to pay the Plaintiffs and members of the putative collective their earned overtime wages, at the full rate of one and one half the times the regular rate of pay.

39. The claims of Plaintiff are typical of the claims of the Putative Collective.

40. Plaintiff will fairly and adequately protect the interests of the putative class

## FACTS

41. Pursuant to the FLSA, 29 U.S.C. 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives overtime compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

42. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

43. Plaintiffs are presently employed or were previously employed by Defendant

44. Plaintiff and other members of the Putative Collective are "employees," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

45. Defendant is an "employer" within the meaning contemplated in the 29 U.S.C. § 203(d),

and consequently are liable for violations of the FLSA.

46. Defendant has engaged in a pattern and practice of failing to ensure that Plaintiffs received payment for all overtime hours worked in any given week, at time and one-half their

47. Plaintiffs' overtime rates are miscalculated, and Plaintiffs are not compensated at the full rate of one- and one-half times their regular rate of pay inclusive of the paid differentials and other covered payments...

48. Named Enock Nyamoti did not receive proper overtime payments at a rate of time and one half her regular rate.

49. Throughout the relevant period, Defendant has undertaken a willful policy and practice of violating the FLSA by failing to pay Plaintiffs overtime at time and one-half their regular rate of pay for all hours worked over 40 in a week.

50. Defendant has engaged in a pattern and practice of failing to ensure that Plaintiffs received payment for all overtime hours worked in any given week, at time and one-half their

51. Plaintiffs' overtime rates are miscalculated, and Plaintiffs are not compensated at the full rate of one- and one-half times their regular rate of pay inclusive of the paid differentials and other covered payments...

52. Named Enock Nyamoti did not receive proper overtime payments at a rate of time and one half her regular rate.

53. Throughout the relevant period, Defendant has undertaken a willful policy and practice of violating the FLSA by failing to pay Plaintiffs overtime at time and one-half their regular rate of pay for all hours worked over 40 in a week.

## COUNT 1

## **<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>**

54. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

55. Defendant has repeatedly engaged in a pattern and practice of failing to pay Plaintiffs and other members of the Putative Collective all earned overtime wages at the rate of one and one half

time the regular rate of pay.

56. Defendant has violated the Fair Labor Standards Act by failing to pay all earned overtime wages, at the rate of one and one-half times their regular rate of pay, in weeks in which they worked over forty (40) hours.

57. The failure of Defendant to pay Plaintiffs and members of the Putative Collective their rightfully owed overtime compensation was willful.

58. Plaintiff was not exempt from the overtime provisions of the FLSA.

59. Collective Action Members were not exempt from the overtime provisions of the FLSA.

60. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

61. By the foregoing reasons, Defendant is liable to Plaintiffs and members of the Putative Collective in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages owed each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs

## COUNT 2

## VIOLATION OF NEW YORK LABOR LAWS

62. Plaintiff incorporates here the previous allegations of this Complaint.

63. This count arises from Defendant's violations of the NYLL by failing to pay overtime to Plaintiff and the NYLL Class when they worked over 40 hours in individual workweeks.

64. Defendant classified Plaintiff as exempt from the overtime provisions of the NYLL.

65. Defendant classified members of the NYLL Class as exempt from the overtime provisions of the NYLL.

66. Plaintiff was not exempt from the overtime provisions of the NYLL.

67. Plaintiff was not exempt from the overtime provisions of the NYLL.

68. Plaintiff was regularly directed by Defendant to work, and did work, over 40 hours in individual workweeks.

69. Defendant violated the NYLL by failing to pay Plaintiff and members of the NYLL Class overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff, on behalf of herself and the NYLL Class, seeks a judgment against Defendant as follows:

I. All unpaid overtime wages due to Plaintiff and the NYLL Class;

II. Pre-judgment and post-judgment interest;

III. Liquidated damages equal to the unpaid overtime compensation due;

IV. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

V. Such other relief as the Court deems appropriate.

## JURY DEMMAND

Plaintiff demands a trial by jury

**ENOCK NYAMOTI**
**199 E 38TH ST BROOKLYN NY 11203**
**469-955-9860**
**ENYAMOTI@YAHOO.COM**
**ENYAMOTI2@GMAIL.COM**