UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/13/22__

ENOCK NYAMOTI, *Pro Se*

    Plaintiff,

    - vs. -

THE MOUNT SINAI HOSPITAL,

    Defendant

DOCKET NO. 21-cv-07926 (VEC)

**ORDER TO SHOW CAUSE
FOR ENTRY OF DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS**

Upon the annexed affidavit of Enock Nyamoti in support of Plaintiff's Motion for Order to Show Cause For Entry of Default Judgment Against All Defendants, it is hereby order that the defendant in the above-captioned action appear to show cause on __February 14__, 2022, at __10 a.m.__, or as soon thereafter as counsel can be heard, ~~in Courtroom 443 of the United States District~~ by teleconference, using (888) 363-4749; Access Code: 3121171#; Security Code: 7926# ~~Court for the Southern District of New York, 40 Foley Square, New York, New York~~, why the Court should not enter a default judgment against all defendants pursuant to Federal Rule of Civil Procedure 55(b), and it is further:

ORDERED that any defendant's answering papers, if any, shall be filed with the Clerk of this Court and served upon the Plaintiff by delivering copies thereof to the Plaintiff at: 199 E. 38th Street, Brooklyn, New York 11203, before noon on

1

February 7      , 2022.  Any reply shall be filed and served by the Plaintiff at the hearing, and it is further:

ORDERED THAT Plaintiff shall complete service of this Order and any supporting papers upon which this Order is based, in addition to the Amended Complaint, by mail to the attention of the General Counsel of Mt. Sinai and post proof of service on the docket by **January 28, 2022.**

SO ORDERED:

_____
HON. VALERIE E. CAPRONI
United States District Judge
Dated: January 13 , 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Enock Nyamoti, *Pro Se* <br><br> Plaintiff, <br><br> - vs. – <br><br> The Mount Sinai Hospital, <br><br> Defendant | DOCKET NO. 21-cv-07926 <br><br> **AFFIDAVIT IN SUPPORT OF ORDER TO SHOW CAUSE FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS** |

State of New York   )
                    ) ss:
County of New York  )

Enock Nyamoti, being duly sworn, deposes and states as follows:

1. I am the plaintiff in the above-captioned action, and am fully familiar with the facts set forth herein.

2. I submit this affidavit in support of order to show cause for entry of a Default Judgment against Mt. Sinai Hospital, the defendant herein.

SUMMONS, COMPLAINT, SERVICE

1. I commenced this action, *pro se*, on September 22, 2021, by filing the Summons and Complaint herein, which Complaint was first amended and filed on September 23, 2021.

2. The Complaint seeks compensatory, liquidated and statutory damages for violations of wages and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the

1

"FLSA") and parallel claims under the New York State Labor Law and supporting regulations, in addition to seeking costs and interest.

3. The defendant, Mount Sinai Hospital, was served with the Summons and amended Complaint on September 27, 2021, by serving **Roddasia Lewis who indicated they were the person authorized to accept**, and proof of service was therefore filed on **09/28/2021**, Doc. # **7** and is attached herewith as Exhibit A.

4. Defendant Mount Sinai Hospital failed to plead or otherwise answer or respond within then time specified by the Federal Rules of Civil Procedure.

5. On January 6, 2022, the Clerk of the Court entered a default against defendant Mount Sinai Hospital (Dkt # 16). A copy of the Clerk's Certificate of Default is attached herewith as Exhibit B.

JURISDICTION; ENTITLEMENT TO DEFAULT

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Given the failure of the defendant to answer the Complaint, or to vacate the default entered against it, a default judgment should be entered against the defendant. Rule 55(a) of the Fed. R. Civ. P. provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit

or otherwise, the clerk may then enter a default judgment. Local Civ. R. 55.2 states that the party seeking the default must submit "(1) the clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."

8. The defendant, Mount Sinai Hospital, having failed to answer, move or otherwise appear after having been served, is in default.

DAMAGES

9. I am a professional nurse, and have been employed by Mount Sinai Hospital (the "Hospital") in New York City since 2015. Since June 2018, my weekly schedule at the Hospital has typically included approximately 60 hours per week at the Hospital since June 2018.

10. My hourly rate of the compensation by the Hospital is $125.00 per hour, as reflected on the bi-weekly paystubs I have been receiving since June 2018. However regardless of the number of hours I have worked each week in excess of 40 during this period of my employment by the Hospital, I have only been paid at my regular hourly rate for each hour worked, without any overtime premium.

11. Under the FLSA, an employer must pay at a rate at least equal to one and a half times the employee's regular rate of pay for any hours worked over 40 hours in a work week. 29 U.S.C. § 207(a)(1). Like the FLSA, New York law requires employers to pay one and a half times an employee's regular rate as an overtime premium for all hours beyond 40 in a workweek. 12 N.Y.C.R.R. §142-2.2.

12. Under the statute of limitations applicable to the FLSA, Plaintiff's damage claims can extend back three years because the defendant's conduct here was willful and lacked a good faith basis. Defendant Mount Sinai Hospital acknowledged my regular and overtime rate of compensation, but never paid any overtime premium for hours worked in excess of 40 during any workweek. Under the statute of limitations applicable to the New York Labor Law, Plaintiff's damages claims can extend back six years. NYLL § 663.

13. The Hospital thus owes Plaintiff unpaid overtime compensation, at the rate of Plaintiff's regular hourly rate, for all of the hours worked in excess of 40 per week since. This amounts to $256,296.89 in unpaid overtime premium compensation, as illustrated on table of damages attached herewith as Exhibit C.

14. The Hospital also failed to pay Plaintiff for approximately three and half hours per week worked since June 2018. At Plaintiff's applicable rate of $125 per hour, this portion of damages amounts to $102,810.00 (Exhibit C attached herewith).

15. The defendant failed to pay plaintiff vacation time, docked wages and contribution to his retirement account as promised in an amount totaling to $41,302.94 (Exhibit C)

16. Additionally, Defendant Mount Sinai Hospital owes Plaintiff $5,000 each for failure to provide weekly wage statements required by the Wage Theft Prevention Act, and failure to provide Plaintiff with notices upon hiring as required by the Wage Theft Prevention Act.

Case 1:21-cv-07926-VEC   Document 19-1   Filed 01/13/22   Page 6 of 11

17. In addition to the above damages, Plaintiff is entitled to costs under the FLSA and the NYLL. 29 U.S.C. § 216(b); NYLL § 198. Plaintiff's costs in this action have amounted to $572.00.

18. The total amount of the judgment thus requested at this time is therefore $$840,893.4, inclusive of prejudgment interest in the amount of $28,929.73.

19. For the above reasons, Plaintiff respectfully requests that the District Court enter a default judgment in the proposed form included herewith, as there is no need for any inquest as to damages since the defendant failed to answer the Complaint and Plainitiff'a allegations at hours and schedule are deemed admitted.

20. I certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: January 13, 2022

*signature*

Enock Nyamoti, *Pro se*

Sworn to before me this

13 day of January, 2022

Notary Public

*Brenda Dragoo*

BRENDA DRAGOO
NOTARY PUBLIC, STATE OF NORTH DAKOTA
MY COMMISSION EXPIRES SEPT 30, 2024

5

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
## Southern District of New York

| | |
|---|---|
| ENOCK NYAMOTI <br><br> *Plaintiff(s)* <br> v. <br><br> The Mount Sinai Hospital <br><br> *Defendant(s)* | Civil Action No. **1:21-cv-07926-UA** |

**EXHIBIT A**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

**The Mount Sinai Hospital
150 East 42nd Street,
New York, NY 10017 (646) 605-4120**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

**ENOCK NYAMOTI
199 E 38TH ST
BROOKLYN NY 11203**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 9/24/2021

D. Shaw

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:21-cv-07926-UA

# EXHIBIT A

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* **The Mount Sinai Hospital**
was received by me on *(date)* **09/24/2021**.

☐ I personally served the summons on the individual at *(place)* _____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there, on *(date)* _____, and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)* **Roddasia M. Lewis, Administrative Assistant**, who is designated by law to accept service of process on behalf of *(name of organization)* **The Mount Sinai Hospital** at **1468 Madison Avenue, Room AMC-205, New York, NY** on *(date)* **09/27/2021** ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ **0.00** for travel and $ **95.00** for services, for a total of $ **95.00**.

I declare under penalty of perjury that this information is true.

Date: **09/28/2021**

*Server's signature*

**Juan de los Santos, New York Process Server No. 2067123**
*Printed name and title*

**54 Bristol Street, Suite 7F**
**Brooklyn, New York 11212**
*Server's address*

Additional information regarding attempted service, etc:
On September 27, 2021 at 03:35 p.m., at 1468 Madison Avenue, Room AMC-205, New York, New York 10029, I served the within summons in a civil action and civil action complaint, in this matter, on The Mount Sinai Hospital, defendant, by delivering true copies of the said summons in a civil action and civil action complaint to Roddasia M. Lewis, Administrative Assistant of the Security Department of The Mount Sinai Hospital. Ms. Lewis indicated that she was employed by The Mount Sinai Hospital and that she was an officer expressly authorized to accept process on behalf of defendant The Mount Sinai Hospital.

**Juan de los Santos**
New York Process Server # 2067123
54 Bristol Street, Ste. 7F
Brooklyn, NY 11212

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**EXHIBIT B**

ENOCK NYAMOTI,

                              Plaintiff,

-against-

The Mount Sinai Hospital,

                              Defendant.

CIVIL ACTION #

**1:21-cv-07926-UA**
**CLERK'S CERTIFICATE OF DEFAULT**

    I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on **09/22/2021** with the filing of a summons and **amended complaint on 09/23/2021,** a copy of the summons and **amended complaint** was served on defendant **The Mount Sinai Hospital** by personally serving **Roddasia Lewis who indicated they were the person authorized to accept**, and proof of service was therefore filed on **12/12/2021**, Doc. # **13.**

    I further certify that the docket entries indicate that the defendant (**The Mount Sinai Hospital**) has not filed an answer or otherwise moved with respect to the **amended complaint** herein. The default of the defendant (**The Mount Sinai Hospital**) is hereby noted.

Dated: New York, New York

01/06/2022

RUBY J. KRAJICK Clerk of Court

By: _K. Mango_____

Deputy Clerk

# EXHIBIT C: DAMAGES EXHIBIT C

| Year | Reg. Hours A | Reg. Rate$ B | Unpaid wages$ A*B | Overtime hours C | Overtime Rate$ D | Unpaid wages$ C*D | Holiday hours E | Holiday Rate $ F | Unpaid wages$ E*F | Totals |
|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | 234.68 | 125.0 | 29,335.00 | 990.5 | 62.5 | 61,906.25 | 244 | 62.5 | 15,250.00 | |
| 2018 | 140.80 | 125.0 | 17,600.00 | 495.5 | 62.5 | 30,968.75 | 244 | 62.5 | 14,250.00 | |
| 2016 | | | | 45.0 | 62.5 | 2,812.5 | | 62.5 | | |
| 2015 | | | | 44.0 | 62.5 | 2,750 | | 62.5 | | |
| Totals | 622.48 | | $102,610 | 3268.75 | | $202,421.83 | | | $333,873.00 | $555,108.83 |
| | | | | | | | | | Unpaid vacation | $15,132.6 |
| | | | | | | | | | Court Courts | $572 |
| | | | | | | | | | Liquidated | $400,981.83 |
| | | | | | | | | totals | | **$811,963.66** |
| | | | | | | | | | Interest nent | $28,929.73 |
| | | | | | | | | | TOTALS | **$840,893.4** |