

*SYLVIA O. HINDS-RADIX*
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

*SONYA GIDUMAL CHAZIN*
Assistant Corporation Counsel
Labor & Employment Law Division
(212) 356-0890
schazin@law.nyc.gov

March 14, 2023

**BY ECF**
Ilonorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: <u>Enock Nvamoti v. Mt. Sinai Hospital</u>
        Docket No. : 21-CV-07926 (VEC)
        Our No: 2021- 005749

Dear Judge Caproni:

  This office represents defendant in the above referenced matter. The parties write jointly pursuant to case law in the Second Circuit, to respectfully request that the Court approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice. The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the fully-executed Agreement is attached hereto as "Exhibit A."

**1.** <u>**Background and Procedural History**</u>

  Plaintiff, commenced this action on October 6, 2021 alleging that defendant Mt. Sinai Hospital ("Mt. Sinai") failed to comply with provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and New York Labor Law ("NYLL") § 650. Plaintiff, Enock Nyamoti, was originally employed by Mt. Sinai as a full-time Nurse Anesthetist at Elmhurst Hospital through its affiliation agreement with H+H. Effective June 4, 2018, Plaintiff ceased to be a full-time employee, and instead was paid "per diem." Plaintiff and Mt. Sinai entered into an agreement whereby Mt. Sinai would pay plaintiff $125/hour. Plaintiff alleged that from the date he no longer was a full-time employee of defendant, when he worked over 40 hours, defendant only paid him at his per-diem hourly rate for all hours worked and did not pay him any overtime.. Plaintiff has not worked for defendant since September 27, 2021.

On February 4, 2022, the undersigned entered an appearance in this matter. On February 7, 2022, the Court stayed the Defendant's time to Answer until after mediation was completed. Subsequently, parties engaged in a mediation through the SDNY's mediation program in an effort to resolve this matter. On February 13, 2023, the parties agreed to resolve this matter.

**2.    Settlement Terms**

The parties have agreed to settle this action in its entirety for the payment of the following by defendant:

      a) $125,000.00 in backpay; and

      b) $125,000.00 in liquidated damages.

As noted above, for the Court's convenience a copy of the Agreement is annexed hereto as Exhibit A.

**3.    Applicable Factors for Approving FLSA Settlements**

The Second Circuit requires that settlement agreements in Fair Labor Standards Act (FLSA) cases obtain court or Department of Labor approval. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). District courts in the Second Circuit "approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Clem v. Keybank, N.A.*, 2014 U.S. Dist. LEXIS 87174 (S.D.N.Y. June 20, 2014) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013).

Courts evaluating whether stipulated FLSA settlements are reasonable consider a variety of factors, including:

(1) the plaintiffs' range of possible recovery;

(2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;

(3) the seriousness of the litigation risks faced by the parties;

(4) whether the settlement is the product of arm's-length bargaining between experienced counsel; and

(5) the possibility of fraud or collusion.

*See Wolinsky v Scholastic, Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (internal quotations omitted).

### 3. **Application of FLSA Factors to the Proposed Settlement**

As discussed below, the parties believe that the proposed settlement terms in this case are fair and reasonable to plaintiff and defendant. The settlement represents a good faith compromise of the parties' *bona fide* dispute regarding whether defendant violated the FLSA, and whether an award of liquidated damages is appropriate. Defendant's defenses both to liability and to liquidated damages, were asserted and considered in the settlement negotiations. Plaintiff shared his calculations of the damages under plaintiff's theories and the parties used this information to negotiate a fair settlement. This compromise was reached after arms-length negotiations between the parties with the assistance of an impartial SDNY appointed mediator.

As to the range of recovery, the parties consider this to be a fair settlement as it is between two and three years of back-pay, and a significant amount of the liquidated damages that the plaintiff believes he is owed. This is significant because if defendant were to prevail on a summary judgment motion, plaintiff could recover far less. On the other hand, if defendant's anticipated motion for summary judgment were to be denied and the matter proceeded to trial, defendant would risk a significantly higher award of damages. These facts, coupled with: a) the early stage of litigation; and b) the relatively swift payout to plaintiff (as opposed to a speculative payment after years of litigation in the District Court) weigh in favor of settlement.

With respect to avoiding anticipated burdens and expenses, litigating FLSA damages can be and would be a fact-intensive process demanding in-depth and costly investigation by both parties. Without this settlement, both parties would need to spend significant amounts of time, money and expense to undertake lengthy discovery. Furthermore, with respect to the third factor, as noted above, there is no guarantee of success on either side. Given the uncertainty over the potential outcome, both parties were motivated to settle this dispute. With respect to the fourth factor, both parties engaged in good faith, arm's-length negotiation in reaching this settlement. Indeed, the parties reached this settlement with the assistance of a mediator through their participation in the SDNY's mediation program. The fact that the settlement was negotiated at arms' length, compels the conclusion that the he proposed settlement is fair and should be approved. *Chapman-Green v. Icahn House West. LLC*, 2013 U.S. Dist. LEXIS 25671 (S.D.N.Y. 2013) ("[T]he surrender of the possibility of liquidated damages gives plaintiff immediate relief and avoids the risk, which is not insubstantial, of a potential loss or a much smaller recovery."); *Johnson v. Brennan*, 2011 WL 4357376, *12 (S.D.N.Y. 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). This is particularly so in light of the fact that the settlement is the result of hard fought negotiations. *Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, 2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.,* 2011 U.S. Dist. LEXIS 144798 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to plaintiff' wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable."). Finally, given the parties' arms-length negotiating, the parties believe that there was no opportunity for and no possibility of fraud or collusion. The parties represented themselves zealously and obtained an appropriate settlement.

\*   \*   \*

For all of the above reasons, the parties believe that this proposed settlement is fair and reasonable and therefore the parties respectfully request that the Court So Order the Stipulation of Settlement that is appended to the Agreement as Exhibit "A" and dismiss this case with prejudice. The parties thank the Court for its attention to this matter.

Respectfully submitted,

Sonya Gidumal Chazin
Assistant Corporation Counsel

cc: Enock Nyamoti, plaintiff *pro se* (via ECF and email)